# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

Charlotte Division

FILED
CHARLOTTE, NC

MAY 18 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

Case No. _3:26-CV-389-KQB_
*(to be filled in by the Clerk's Office)*

Alexuus Crawford
_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Allied Universal
_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Alexuus Crawford |
| Street Address | 5820 E WT Harris BLVD STE 109 |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | NC 28215 |
| Telephone Number | 9803972973 |
| E-mail Address | alexuus.crawford@alumni.lr.edu |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Allied Universal |
| Job or Title *(if known)* | |
| Street Address | 10735 David Taylor Dr #560 |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | NC 28262 |
| Telephone Number | (704) 334-4751 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C.      Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Allied Universal |
| Street Address | 10735 David Taylor Dr #560 |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | NC 28262 |
| Telephone Number | (704) 334-4751 |

## II.      Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐      Other federal law *(specify the federal law)*:

_____

☐      Relevant state law *(specify, if known)*:

_____

☐      Relevant city or county law *(specify, if known)*:

_____

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐    Failure to hire me.
- ☒    Termination of my employment.
- ☐    Failure to promote me.
- ☐    Failure to accommodate my disability.
- ☒    Unequal terms and conditions of my employment.
- ☒    Retaliation.
- ☐    Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

September 20, 2024 until June 19, 2025

C.    I believe that defendant(s) *(check one)*:

- ☐    is/are still committing these acts against me.
- ☒    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐    race _____
- ☐    color _____
- ☒    gender/sex        female _____
- ☐    religion _____
- ☐    national origin _____
- ☐    age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐    disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows. Attach additional pages if needed.

1. Plaintiff Alexuus Crawford was hired by Defendant Allied Universal as a Security Guard in September 2024. Her direct supervisor was Captain Adrian Phiefer. (Exhibit A, EEOC Charge of Discrimination).

2. On or about September 20, 2024, Plaintiff's first day of orientation and training, Supervisor Phiefer approached Plaintiff from behind, smelled her, kissed her neck, and said, "You smell good." This conduct was unwelcomed and objectively offensive.

3. Throughout October and November 2024, Supervisor Phiefer escalated his harassing behavior. He brushed his body against Plaintiff, grabbed her buttocks, and demanded that she meet him in a parking garage after work. He also repeatedly requested that Plaintiff send him nude photographs. Around this same time, Plaintiff reported the harassment to Vincent Gregory, Adrian's supervisor, but Vincent Gregory never followed up with her.

4. On November 27, 2024, Supervisor Phiefer sent Plaintiff two text messages. The first stated, "Don't send me a naked picture and see what happens." The second stated, "I know where you live, don't make me come over there." Plaintiff has preserved these text messages.

5. When Plaintiff refused to provide her home address to Supervisor Phiefer, he accessed her personnel file without her authorization to obtain her address. He then recited her address to her and stated that he would come to her residence after work.

6. On January 20, 2025, Supervisor Phiefer sent Plaintiff additional text messages. The first stated, "Your pants are in the chair in my office." The second stated, "Wish they were on my floor though." 15. Supervisor Phiefer ordered an incorrectly sized uniform shirt for Plaintiff. Because the shirt was too small, Plaintiff could not button all the buttons. While Plaintiff was at work, Phiefer walked up to her and unzipped her jacket under the pretense of inspecting her uniform.

7. When Plaintiff stepped back and told him to stop, Phiefer forced her to come to his office where he issued two disciplinary write-ups: one for having her shirt unbuttoned and one for insubordination for not having her shirt buttoned. Phiefer refused to order a properly sized replacement shirt for Plaintiff. (Exhibit B, Disciplinary Notice Form).

8. On March 17, 2025, Supervisor Phiefer sent Plaintiff a text message stating, "Ok, you know. If you get fired from Gateway that job goes also – so do not come in there tomorrow with your shirt unbuttoned." This message was sent after Plaintiff told Adrian she was transferring jobs; he was threatening to block her transfer by writing her up because you cannot transfer jobs with write-ups on file.

9. After Plaintiff repeatedly refused Supervisor Phiefer's sexual demands, Defendant reduced her work hours and assigned her to more difficult or undesirable posts. Plaintiff requested a transfer to third shift to avoid Phiefer, but he denied her request, stating, "I don't like women working third shift. You need to be on first shift." (Exhibit C, Formal Demand for Settlement).

10. In April 2025, Plaintiff successfully transferred to another Defendant facility located in Charlotte to escape Supervisor Phiefer's ongoing harassment. (Gateway is where Adrian Phiefer worked). 20. On June 18, 2025, Plaintiff was subjected to the similar touching by a male manager named Howzer (first name unknown) during her training at the new Charlotte location. Howzer grabbed Plaintiff's buttocks while giving her a tour of the facility. Plaintiff told him to stop and stated that she felt uncomfortable and wanted to leave.

11. Plaintiff called the manager above Howzer, who was a female manager named Rubi Bonilla, and reported the incident by telephone. Rubi Bonilla instructed Plaintiff to go home. (Exhibit D, EEOC Right

to Sue Notice).

12.  On June 19, 2025, the very next day after Plaintiff reported the sexual harassment by Howzer, Defendant terminated Plaintiff's employment. The termination letter provides no reason for the termination. (Exhibit E, Allied Universal Termination Letter).

13.  On February 10, 2026, Plaintiff filed a formal Charge of Discrimination with the United States Equal Employment Opportunity Commission under Charge No. 430-2026-00385, alleging discrimination based on sex in violation of Title VII.

14. On February 17, 2026, the EEOC issued a Dismissal and Notice of Right to Sue, determining that the EEOC would not proceed further with its investigation but explicitly stating that this determination "does not mean the claims have no merit." The Notice advised Plaintiff that she had ninety days from receipt to file a lawsuit in federal or state court.

15. Through counsel, Plaintiff sent a formal pre-litigation settlement demand letter to Defendant Allied Universal via certified mail and via email. The demand letter detailed the factual and legal bases for Plaintiff's claims and demanded $300,000 in full and final settlement.

16. The letter further placed Defendant on formal notice to preserve all documents and electronically stored information relating to Plaintiff's employment. Defendant has never responded to this demand letter.

17. Plaintiff has preserved all text messages from Supervisor Phiefer, the termination letter, the disciplinary write-ups, and all communications with Defendant and the EEOC.

CAUSES OF ACTION

COUNT I – Sexual Harassment – Hostile Work Environment

Plaintiff incorporates by reference all preceding paragraphs.

The law violated is Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., which prohibits employment discrimination based on sex including the creation of a hostile work environment.

On September 20, 2024, Supervisor Adrian Phiefer smelled Plaintiff and kissed her neck, stating that she smelled good. Phiefer repeatedly engaged in unwelcome physical contact including brushing against Plaintiff, grabbing her buttocks, and unzipping her jacket under the pretense of a uniform inspection.

On November 27, 2024, Phiefer texted Plaintiff stating, "Don't send me a naked picture and see what happens," and "I know where you live, don't make me come over there." On January 20, 2025, Phiefer texted, "Your pants are in the chair in my office," and "Wish they were on my floor though." Phiefer demanded that Plaintiff meet him in a parking garage after work and repeatedly requested nude photographs.

Phiefer accessed Plaintiff's personnel file without authorization to obtain her home address and threatened to come to her residence. The harassment was severe, pervasive, and objectively offensive, occurring over approximately nine months.

Defendant Allied Universal failed to take reasonable care to prevent or correct the harassment. The injuries and damages Plaintiff suffered include financial loss from reduced work hours between November 2024 and April 2025 and out of pocket costs for counseling. Plaintiff also suffered lost wages including back pay from her June 19, 2025 termination date to the present and future front pay due to diminished earning capacity.

She suffered emotional distress including severe anxiety, humiliation, fear for her personal safety after Phiefer obtained her address, sleep disruption, hypervigilance, emotional anguish, and severe panic attacks. Plaintiff suffered reputational harm from the false disciplinary write-ups for insubordination and an unbuttoned shirt that were placed in her personnel file.

Finally, she suffered other harm including loss of employment benefits such as health insurance and retirement contributions, career interruption, and loss of job security.

COUNT II – QUID PRO QUO Sexual Harassment

Plaintiff incorporates by reference all preceding paragraphs.

The law violated is Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as interpreted by the United States Supreme Court), which hold that an employer is vicariously liable when a supervisor conditions tangible employment actions on an employee's submission to sexual demands.

Supervisor Phiefer explicitly and implicitly conditioned Plaintiff's employment benefits on her submission to his sexual demands. When Plaintiff refused to send nude photographs, Phiefer reduced her work hours and assigned her to more difficult posts. Phiefer denied Plaintiff's requested transfer to third shift, stating, "I don't like women working third shift. You need to be on first shift."

Phiefer forced Plaintiff into his office to sign disciplinary write-ups after she rejected his sexual advances and then told her that she could not transfer while she had write-ups on file.

On March 17, 2025, Phiefer texted Plaintiff stating, "If you get fired from Gateway that job goes also," which was an explicit threat that she would lose her employment for non-compliance. Plaintiff's termination on June 19, 2025 occurred immediately after she reported sexual harassment by another manager, effectively ending the quid pro quo dynamic.

The injuries and damages Plaintiff suffered include financial loss from reduced hourly wages due to diminished hours between November 2024 and April 2025 and loss of overtime opportunities.

Plaintiff suffered lost wages including full back pay from her June 19, 2025 termination through the present and front pay for a reasonable period to secure comparable employment. She suffered emotional distress including feeling trapped and coerced, psychological harm from knowing that her job security depended on sexual compliance, degradation, and loss of autonomy.

Plaintiff suffered reputational harm from the disciplinary write-ups for insubordination and uniform violation that falsely branded her as a problematic employee.

Finally, she suffered other harm including being forced to remain in a hostile environment longer than necessary because Defendant's transfer policy, which prohibited transfers for employees with active write-ups, was weaponized against her.

COUNT III – Retaliation

Plaintiff incorporates by reference all preceding paragraphs. 46. The law violated is Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e3(a), which prohibits an employer from discriminating against an employee because she has opposed any unlawful employment practice or has made a charge under Title VII.

Plaintiff engaged in multiple protected activities. She refused Supervisor Phiefer's repeated sexual demands from September 2024 through April 2025. On June 18, 2025, she reported sexual harassment by manager Howzer to the supervising female manager by telephone. She also filed a formal EEOC Charge of Discrimination on February 10, 2026 under Charge No. 430-2026-00385.

Defendant took materially adverse actions in response to these protected activities. Within twenty-four hours of Plaintiff's June 18, 2025 report, Defendant terminated her employment on June 19, 2025.

Defendant has never provided a legitimate, non-retaliatory reason for the termination. The close temporal proximity of less than twenty-four hours between Plaintiff's protected report and her termination strongly supports an inference of retaliatory motive.

Defendant also failed to respond to Plaintiff's formal pre-litigation settlement demand, further demonstrating bad faith. The injuries and damages Plaintiff suffered include financial loss representing the complete loss of her income as of June 19, 2025, depletion of her personal savings, and an inability to meet recurring financial obligations such as rent, utilities, and car payments.

Plaintiff suffered lost wages including back pay calculated from June 19, 2025 through the date of judgment and front pay for a reasonable period of job search. She suffered emotional distress including

shock and devastation at being terminated immediately after reporting sexual assault, feelings of betrayal by her employer, anger, loss of self-worth, and symptoms of depression.

Plaintiff suffered reputational harm because if Allied Universal communicates the termination to future employers without providing a legitimate reason, she may be blacklisted in the security industry.

Finally, she suffered other harm including loss of health insurance coverage during a period of emotional distress requiring possible therapy, loss of 401(k) matching contributions, and interruption of her continuous employment history.

COUNT IV – Wrongful Termination in Violation of Public Policy

Plaintiff incorporates by reference all preceding paragraphs.

The law violated is North Carolina common law as recognized, which provide a cause of action for wrongful discharge when an employee is terminated for an act that furthers the public policy of North Carolina.

The public policy at issue is North Carolina's prohibition against sex discrimination and retaliation as expressed in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2, which declares it the state's policy to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination on account of sex.

Plaintiff was an at-will employee of Defendant in North Carolina. On June 18, 2025, Plaintiff reported sexual harassment, which constitutes unlawful sex discrimination, to management. Reporting sexual harassment is an act that furthers North Carolina's clear public policy against sex discrimination in employment.

Defendant terminated Plaintiff on June 19, 2025, the very next day after her report. Defendant has never provided any legitimate, non-retaliatory reason for the termination. The termination directly contravenes the public policy expressed in N.C. Gen. Stat. § 143-422.2.

The injuries and damages Plaintiff suffered include financial loss representing complete unemployment since June 19, 2025 and being forced to accept a lower paying position if she has found any employment at all. Plaintiff suffered lost wages including back pay from her termination through the verdict and front pay.

She suffered emotional distress including the unique harm of being punished by her employer for doing the right thing by reporting sexual misconduct, cynicism about workplace reporting systems, and a potential reluctance to report future harassment at any employer.

Plaintiff suffered reputational harm because a termination that follows a sexual harassment report, if discovered by future employers, may be misinterpreted as Plaintiff being a difficult employee or a complaint risk, thereby chilling her future employment prospects.

Finally, she suffered other harm including a chilling effect on her ability to advocate for herself in future workplaces and economic insecurity leading to housing instability.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

February 10, 2026

B.      The Equal Employment Opportunity Commission *(check one)*:

☐      has not issued a Notice of Right to Sue letter.

☒      issued a Notice of Right to Sue letter, which I received on *(date)*   2/19/2026   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐      60 days or more have elapsed.

☐      less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant, and grant the following relief:

a. Back pay, front pay, lost wages, lost benefits, and other economic losses in an amount to be determined at trial;
b. Damages for emotional distress, pain and suffering, humiliation, inconvenience, and mental anguish in an amount to be determined at trial;
c. Punitive damages as permitted by law for Defendant's willful, reckless, and/or malicious conduct;
d. Pre-judgment and post-judgment interest as allowed by law;
e. Costs of this action, including reasonable attorney's fees and expenses as permitted by law;
f. Declaratory, injunctive, and/or equitable relief deemed appropriate by the Court, including a declaration that Defendant violated Plaintiff's rights under federal law, removal of negative or retaliatory employment records, and any relief necessary to prevent further discrimination or retaliation
g. Such other and further relief as the Court deems just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     5/17/2026

Signature of Plaintiff

Printed Name of Plaintiff     Alexuus Crawford

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number     _____

E-mail Address     _____